IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAN JUANITA GALVAN, § <br> PLAINTIFF § <br> § <br> VS. § <br> § <br> FAMILY DOLLAR, INC., FAMILY § <br> DOLLAR STORES OF TEXAS, LLC, § <br> AND RUTH GRAHM IN HER § <br> CAPACITY AS TRUSTEE OF THE § <br> GRAHM MARITAL DEDUCTION § <br> TRUST AND GRAHM EXEMPT § <br> UNIFIED CREDIT TRUST. § <br> DEFENDANTS § | CIVIL ACTION NO. 3:18-cv-00141 |

**PLAINTIFF SAN JUANITA GALVAN'S RESPONSE IN OPPOSITION TO DEFENDANT RUTH GRAHM IN HER CAPACITY AS TRUSTEE OF THE GRAHM MARITAL DEDUCTION TRUST AND GRAHM EXEMPT UNIFIED CREDIT TRUST'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff San Juanita Galvan respectfully submits her Response in Opposition to Defendant Ruth Grahm in her Capacity as Trustee of the Grahm Marital Deduction Trust and Grahm Exempt Unified Credit Trust's Motion for Summary Judgment (Doc. 56).

## I.   Introduction

Plaintiff San Juanita Galvan ("Plaintiff") asserts there are genuine issues of material fact which prevent the granting of summary judgment as a matter of law on behalf of Defendant Ruth Grahm in her capacity as Trustee of the Grahm Marital Deduction Trust and Grahm Exempt Unified Credit Trust ("Defendant" or "Grahm"). This Court should deny Defendant's motion for summary judgment in its entirety.

## II.   Summary Judgment Evidence

Plaintiff relies on the following summary judgment evidence in support of her Response in Opposition:

1

Exhibit A – Affidavit of Plaintiff San Juanita Galvan

Exhibit B – Photo No. 1; the front entrance of the Family Dollar Store

Exhibit C – Photo No. 2; photo of crack with weeds and dirt

Exhibit D – Photo No. 3; Side photo of crack showing green mold

Exhibit E – Photo No. 4; Photo of crack mostly covered by mat with Galvan's foot

Exhibit F – Deposition of San Juanita Galvan

### III. Material Facts

On or about July 5, 2016, Plaintiff San Juanita Galvan ("Plaintiff") went to a Family Dollar store—owned and operated by Defendant Family Dollar, Inc. ("Defendant or "Family Dollar") in a building owned by Ruth Grahm as Trustee for Grahm Marital Deduction Trust and Grahm Exempt Unified Credit Trust (hereinafter "Defendants" or "Grahm").

Plaintiff was a regular customer at Family Dollar that has two ways to get to the front door. Plaintiff always came into the store from the side opposite to the side where the broken concrete was hidden. (Galvan Depo. 45:5-25) As she approached the entrance, Miss Galvan walked on a large rubber mat, (Exhibit E). When she made it to some two or three feet from the door, (Galvan Depo. 46:4-6) Miss Galvan stepped onto the area where there was the broken concrete hidden by the mat, (Exhibit D) and the crack made her twist her ankle, (Galvan Depo. 55:4-11) lose her balance and fall. (Exhibit A).

After Miss Galvan picked herself up off the ground, she went into the store and reported it to the person at the counter and left. (Galvan Depo. 46: 10-16) When she arrived at home, she was sore and began putting ice on her ankle and her shoulder. (Galvan Depo. 50:13-15). The next day her shoulder was very painful and she couldn't move it so she went to the hospital. (Galvan Dep. 50:18-20). Before she went to the hospital, she went back to Family Dollar, talked

2

to the managers and made an incident report over the telephone. (Galvan Depo. 50:21-23, 51:6-8, 18-21). Then she took herself to UTMB. (Galvan Depo. 51:24-52:3). Miss Galvan was discharged from UTMB and thereafter was treated for injuries suffered in the fall to her shoulder, neck and lower back. (Galvan Depo. 57:14-22)

**Legal Standard**

**A.     Summary Judgment Standard**

Defendant must "show[] that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[1] A fact is "material" if it would affect the outcome of the action, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.[2] The Court must "view the evidence and all factual inferences from that evidence in the light most favorable to the party opposing the motion and all reasonable doubts about the facts are resolved in favor of the nonmoving litigant."[3]

**B.     Premises Liability Standard**

Generally, the elements of a premises liability claim by an invitee are: (1) the defendant was the owner, occupier, or possessor of the premises; (2) the plaintiff was an invitee (a person who entered the premises with the defendant's knowledge and for their mutual benefit); (3) a condition on the premises posed an unreasonable risk of harm; (4) the defendant knew about the condition or by the exercise of reasonable care would have discovered the condition, and should have realized that the condition involved an unreasonable risk of harm to invitees; (5) the defendant did not exercise reasonable care to reduce or eliminate the risk by either adequately warning the invitee of the dangerous condition or by making the condition reasonably safe, when

---

[1] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

the dangerous condition was not open and obvious or known to the invitee; and (6) the defendant's failure to use such care proximately caused the plaintiff's injuries.[4]

## IV. Argument and Authorities

### A. Defendant is the owner, occupier, or possessor of the premises.

It is not disputed by Defendant that it was the owner, occupier, or possessor of the store and attached sidewalk where Plaintiff fell. Additionally, a photograph of the store shows a partial image of Family Dollar's signage (Exhibit B).

### B. The Plaintiff was an invitee.

This element is also undisputed by Defendant. Plaintiff was an invitee because she was on the premises to purchase chicken salad from the store (Exhibit F – Galvan Depo. 46:10-16).[5]

### C. The gap between the two levels of broken concrete covered by the mat posed an unreasonable risk of harm.

"A condition poses an unreasonable risk of harm for premises-defect purposes when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen."[6] Courts typically look at three issues when determining whether a harmful event resulting from a condition was probably and foreseeable: (1) whether the condition was clearly marked; (2) the height of the condition; and (3) whether the condition met applicable safety standards.[7]

Plaintiff agrees with Defendant that "[t]here is no definitive test for determining whether a specific condition presents an unreasonable risk of harm"[8]. In another case cited by Defendant,

---

[4] *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999); see also *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).
[5] *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1075-76 (Tex. 1941) (person who enters store with intention of shopping is invitee).
[6] *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002).
[7] See *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007).
[8] *Rasbury v. Wal-Mart Stores, Inc.*, Civ. A. No. H-07-26642008 U.S. Dist LEXIS 52927 U.S. Dist LEXIS 529272008 WL 2714126 at *5 (S.D. Tex. July10, 2008)

4

two of the factors cited to help a court decide whether a specific condition presents an unreasonable risk of harm is "whether the condition was unusual compared to other similar conditions, and whether the plaintiff had the ability to avoid the condition."[9]

The condition "was unusual compared to countless similar walkways across southeast Texas"[10] _**because the nearly one inch depth difference made by the crack in the sidewalk**_, (exh D, photo 3) _**was hidden by the mat that covered it**_. (exh E, photo 4). Using the same logic, _**Plaintiff did not have "the ability to avoid the condition" in issue because she could not see it.**_

### D. Defendant had constructive notice of the condition and the risk it would pose to invitees.

Plaintiff can prove the constructive notice element by showing: (1) Defendant created the condition on the premises; (2) Defendant knew that the condition was on the premises and failed to remove it or warn against it prior to Plaintiff's incident; or (3) the condition was on the premises for so long that it should have been discovered and removed in the exercise of ordinary care. [11] Plaintiff contends that the condition—the crack—was on the premises for so long that it should have been easily been discovered and removed in the exercise of ordinary care.

Photographic evidence from the area shows the weeds growing in the crack and shows an extensive amount of built up dirt and debris too. (Exh C, Photo 2) This crack had to exist for a long period of time; long enough for green mold to grow on the exposed side. (Exh D, Photo 3).

Exhibit E, Photo 4 shows an overview of the mat with Plaintiff's shoe on it. The edge of the mat was moved in the photo to show the height difference and uneven nature of the cracked sidewalk. Plaintiff's left foot caught the uneven and hidden edge of the crack, causing her to lose

---

[9] *Miller v. 24 Hour Fitness USA, Inc.,* No. 4:16-cv-001, 2016 U.S. Dist. Lexis 189658, 2016 LW 9307504, at*4 (E.D. Eex. Oct 25, 2016).
[10] Defendant's Motion for Summary Judgment page 8, paragraph 1.
[11] *Keetch v. Kroger Co.,* 845 S.W.2d 262, 265 (Tex. 1992).

her balance, twist her ankle and fall onto her right side, injuring her right shoulder, back and neck.

It is understood that a possessor has the duty of ordinary care to keep the premises in a reasonably safe condition.[12] The aforementioned "duty" includes the duty to inspect the premises to discover latent defects.[13] "Latent" is defined as "to lie hidden", "to escape notice", "present and capable of becoming though not now visible, obvious, active, or symptomatic" Merriam-Webster Online Dictionary 2007, and "present or potential but not evident", and "in a dormant or hidden stage." The American Heritage College Dictionary, 3rd Edition. A possessor is charged with constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal.[14] In other words, if a possessor fails or refuses to conduct reasonable inspections, or any inspections whatsoever, the possessor cannot then hide behind the "no knowledge" defense. If a reasonable inspection would reveal a hazard, then the possessor is said to have had constructive knowledge of the hazard.

Evidence exists that Defendant breached its duty of care (i.e. the duty to inspect) by failing to charge any employee with the duty to inspect the sidewalk and failing to designate a reasonable inspection program or inspection schedule.[15]

Defendant had constructive knowledge of the condition as the area under the mat developed over a long period of time, as evidenced by the weeds growing in the crack; the green mold shown growing on the outside of the exposed crack; and the dirt and debris built up

---

[12] *Corbin v. Safeway Stores*, 648 S.W.2d 292, 295 (Tex. 1983).
[13] *CMH Homes v. Daenen*, 15 S.W.3d 97, 101 (Tex.2000), *Motel 6 G.P. v. Lopez*, 929 S.W.2d 1, 3 (Tex.1996)
[14] *Corbin*, 648 S.W.2d at 295(Tex.1983).
[15] *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex. 1970); *see also* Restatement (Second) of Torts § 343(a) (1965)

between the upper and lower portions of cracked concrete. So it is certainly "more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." Furthermore, the proximity of the crack to the front door, (2 to 3 feet), the conspicuity of it, (a nearly one inch difference in height) and longevity, (green mold, weeds, dirt and debris) satisfies the constructive notice elements set forth in [16]*Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 586, 567 (Tex. 2006).

**E.   Defendant did not exercise reasonable care to reduce or eliminate the risk by warning Plaintiff of the condition or by making the condition reasonably safe, and the condition was not open and obvious, or known to Plaintiff.**

Defendant makes no mention and has no evidence that it ever sought to repair or warn about the cracked concrete sidewalk. It therefore, cannot argue that it took any steps at all to remedy the problem or warn about it. And, as set forth above, Plaintiff had not previously entered the store from the side where she encountered and fell on the cracked sidewalk. Plaintiff could not see the cracked surface hidden underneath the mat covering the cracked sidewalk so the abnormal and dangerous condition was neither open nor obvious to her. Plaintiff asks this Court to recognize that the condition of this sidewalk is different from the general condition of a sidewalk because the crack was hidden beneath a mat in the instant case and this is both abnormal and dangerous. If Defendant believes that its patrons need to walk around the mats placed in front of the entrance to avoid hidden dangers, then it should warn its patrons to do so, as this is outside the normal behavior of pedestrians.

In its motion, Defendant argues that because the cracked sidewalk was open and obvious, then it owed no duty. Again, this is an attempt by Defendant to subsume all hazardous conditions under the scope of the sidewalk. The crack that caused Plaintiff to fall and injure herself was not open or obvious. "'Obvious' means that both the condition and the risk are

7

apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." [17] The risk posed by the condition injuring Plaintiff was the difference in height of the cracked concretes so when Plaintiff stepped on the mat where the uneven surface was hidden, she lost her balance and fell.

There is a genuine dispute of a material fact regarding this element of Plaintiff's claim of premises liability, because the condition at issue—the crack—was not warned of by the Defendant, was not remedied by the Defendant, and was not open and obvious.

## V. Conclusion

Plaintiff has established a genuine dispute of material fact as to every element of her claim of premises liability against Defendant: (1) Plaintiff was an invitee, because she was there to shop; (2) Defendant was the owner of the property; (3) the gap created by the crack between the two levels of concrete posed was an unreasonable risk of harm because it was hidden underneath a mat, there was nearly a one inch difference in height between the surfaces, big enough to cause one to lose their balance, and it was unusual in comparison to other cracked sidewalks because it was hidden; (4) Defendant should have known of the condition because of weeds, the dirt, the debris and the green mold indicate the crack had been right in front of the store's entrance for a long time; and (5) Defendant did not warn of the dangers posed by the crack specifically, it did nothing to remedy the crack, and the crack was not open or obvious; and (6) Plaintiff sustained pain and injury as a result of Defendant's breach.

For the foregoing reasons, Defendant Grahm's Motion for Summary Judgment should be denied.

Respectfully submitted,

---

[17] Restatement (Second) of Torts § 343A (1965), comment b.

MESTEMAKER, STRAUB & ZUMWALT

*/s/ David K. Mestemaker*
David K. Mestemaker
Fed. ID. 14410
State Bar No. 13974600
dkm@mandsattorneys.com
3100 Timmons Lane, Suite 455
Houston, Texas 77027
(713) 626-8900 Phone
(713) 626-8910 Fax
ATTORNEY FOR PLAINTIFF,
SAN JUANITA GALVAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties, or their counsel, on August 12, 2019.

**Via CM/ECF**

*/s/ David K. Mestemaker*
David K. Mestemaker
