UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAN JUANITA GALVAN, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18–CV–00141 |
| FAMILY DOLLAR, INC.; RUTH GRAHM; FAMILY DOLLAR STORES OF TEXAS, LLC, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This is a trip-and-fall case. Plaintiff San Juanita Galvan ("Galvan") claims that she "was seriously injured on and about her body while walking into a retail store owned by Family Dollar[,] Inc. and Family Dollar Stores of Texas[,] LLC called Family Dollar. Family Dollar is also referred to as Store 7216 located in Galveston, Texas." Dkt. 16 at 3. Galvan has sued three parties for premises liability and negligence: (1) Ruth Grahm, in her capacity as Trustee of Grahm Marital Deduction Trust and Grahm Exempt Unified Credit Trust ("Ruth Grahm"); (2) Family Dollar Stores of Texas, LLC; and (3) Family Dollar, Inc.

Family Dollar, Inc. has moved for summary judgment on a number of grounds, most notably that it had nothing whatsoever to do with the incident in dispute. *See* Dkt. 57. Family Dollar, Inc. notes that it neither owns nor leases the property where the alleged trip-and-fall took place. Indeed, there is no dispute that Ruth Grahm is the sole owner of the

property where the alleged accident occurred. It is also uncontested that Family Dollar Stores of Texas, LLC—not Family Dollar, Inc.—leases the premises in question from Ruth Grahm.

"Summary judgment is proper only when it appears that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997) (citing Fed. R. Civ. P. 56). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. V. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Carter*, 477 U.S. 317, 322-25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the Court should not grant the motion. *See Celotex Corp.*, 477 U.S. at 321-25. The nonmovant then must provide specific facts showing that there is a genuine dispute. *See id.* at 324. A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A nonmovant's mere subjective beliefs fail to establish that a material fact issue is in dispute. *See Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 419 n.54 (5th Cir. 2011). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *See Anderson*, 477 U.S. at 255.

"Like any other negligence action, a defendant in a premises liability case is liable only to the extent it owes the plaintiff a legal duty." *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). Whether a duty exists is a question of law for the Court. *See Del*

2

*Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). "[T]o prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred." *Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999). *See also Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) ("[A] premises-liability defendant may be held liable for a dangerous condition on the property if it assum[ed] control over and responsibility for the premises, even if it did not own or physically occupy the property.") (internal quotation marks and citations omitted).

In this case, summary judgment is proper in favor of Family Dollar, Inc. because there is absolutely no evidence that Family Dollar, Inc. owned, occupied, or controlled the premises. As such, Family Dollar, Inc. owed no legal duty to Galvan. In opposing summary judgment, Galvan asserts that Family Dollar, Inc. should be held responsible for her injuries because there was signage at the store that referenced Family Dollar. That might be true, but there is no evidence that Family Dollar, Inc. is the same entity to which the Family Dollar signage refers. The signage might have been referring to Family Dollar Stores of Texas, LLC, the entity that leased the subject premises, or another Family Dollar-related entity. There is not one shred of paper that ties Family Dollar, Inc. to the store where the accident occurred. With no summary judgment evidence, Galvan's naked assertion that Family Dollar, Inc. is a responsible party is insufficient to give rise to liability as a matter of law.

Even if this Court were to assume that Family Dollar, Inc. is the parent corporation of Family Dollar of Texas, LLC, the lessee of the premises, summary judgment would be

3

appropriate. This is because "[i]t is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods, Inc.*, 524 U.S. 51, 61 (1998) (internal quotation marks and citations omitted) (collecting authority). *See also* 1 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF LAW OF CORPORATIONS § 33, Westlaw (database updated Sept. 2018) ("Neither does the mere fact that there exists a parent-subsidiary relationship between two corporations make the one liable for the torts of its affiliate.").

For the reasons stated above, Family Dollar, Inc.'s motion for summary judgment (Dkt. 57) is **GRANTED**.

SIGNED at Galveston, Texas, this 9th day of September, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE