UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAN JUANITA GALVAN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00141 |
| | § | |
| FAMILY DOLLAR, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING SUMMARY JUDGMENT

Plaintiff San Juanita Galvan ("Galvan") claims that she tripped and fell on broken concrete while walking into a Family Dollar store in Galveston County, Texas. At the time of the accident, Ruth Grahm, in her capacity as Trustee of Grahm Martial Deduction Trust and Grahm Exempt Unified Credit Trust ("Ruth Grahm"), owned the premises. Ruth Grahm leased the premises to Family Dollar Stores of Texas, LLC ("Family Dollar LLC").

In this lawsuit, Galvan asserts negligence and premises liability claims against Ruth Grahm and Family Dollar LLC. Family Dollar LLC filed a cross-claim against Ruth Grahm, contending that Ruth Grahm breached her obligation under the lease agreement to maintain and repair the walkway where Galvan purportedly fell.

There are three motions for summary judgment pending before me: (1) Ruth Grahm's Motion for Summary Judgment as to All Claims Asserted Against Her by Plaintiff San Juanita Galvan (Dkt. 56); (2) Family Dollar Stores of Texas, LLC's Motion for Summary Judgment (Dkt. 59); and (3) Ruth Grahm's Motion for Summary Judgment as to All Claims Asserted Against Her by Cross-Plaintiff Family Dollar Stores of Texas, LLC

(Dkt. 62). After analyzing the motions, the responses, the replies, and the applicable case law, I conclude that the motions for summary judgment should all be **DENIED**.

### RUTH GRAHM'S AND FAMILY DOLLAR LLC'S MOTIONS FOR SUMMARY JUDGMENT AGAINST GALVAN

The elements of a premises liability claim by an invitee are: (1) defendant was the owner, occupier or possessor of the premises; (2) plaintiff was an invitee; (3) a condition posed an unreasonable risk of harm; (4) defendant had actual or constructive knowledge of some condition on the premises; (5) defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (6) the failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused plaintiff's injury. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218, 218 (Tex. 1999).

In their motions for summary judgment against Galvan, Ruth Grahm and Family Dollar LLC both challenge elements three and four. They assert that Galvan has adduced no competent evidence that the walkway posed an unreasonable risk of harm. They also claim that there is no summary judgment evidence establishing that Ruth Grahm and Family Dollar LLC had actual or constructive knowledge that the walkway posed an unreasonable risk of harm to invitees.

I will first address element three. Whether a particular condition poses an unreasonable risk of harm is fact specific, and there is no definitive test for determining whether a specific condition presents an unreasonable risk of harm. That being said, generally speaking, "[a] condition poses an unreasonable risk of harm for premises-defect

purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

Galvan's allegation is that she tripped on a one-inch crack in the sidewalk, with the key factor being that there was a mat covering the crack and obscuring the dangerous condition from view. In my mind, it is inappropriate for me to determine as a matter of law that there was no unreasonable risk of harm. Instead, it should be up to a jury to decide whether the sidewalk crack that was allegedly hidden from view created an unreasonable risk of harm.

Turning to element four, the question is, has Galvan created a genuine issue of material fact as to whether Ruth Grahm and Family Dollar LLC had actual or constructive knowledge that the walkway constituted an unreasonably dangerous condition? Ruth Grahm and Family Dollar LLC maintain that they did not have actual knowledge of the cracks in the concrete, and there is no summary judgment evidence that suggests otherwise. Thus, the issue becomes whether Ruth Grahm and Family Dollar LLC had constructive knowledge of the sidewalk's condition. The Texas Supreme Court has explained that a plaintiff can prove constructive knowledge by showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Galvan contends that the cracked sidewalk was on the premises for so long that it should have been easily discovered and removed in the exercise of ordinary care. In support of this argument, Galvan points to photos showing weeds growing in the sidewalk crack and an extensive amount of dirt, debris, and mold in the same area. To me, these photos—which Galvan claims truly and accurately depict the conditions on the premises on the date of the accident—create a fact issue as to whether Ruth Grahm and Family Dollar LLC had constructive knowledge of the sidewalk's condition.

Family Dollar LLC also claims that summary judgment is appropriate because Galvan cannot support a claim for damages. I am not convinced. Under Texas law, a plaintiff in a personal injury action may recover for non-economic damages that include pain and suffering. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Galvan has presented summary judgment evidence in the form of deposition testimony establishing that she hurt her shoulder, neck, lower back, and ankle in the trip-and-fall, and it resulted in significant pain. In my view, this is "significant probative evidence" that a genuine issue of material fact exists, precluding the entry of summary judgment. *Hamilton v. Segue Software*, Inc., 232 F.3d 473, 477 (5th Cir. 2000) .

**RUTH GRAHM'S MOTION FOR SUMMARY JUDGMENT AGAINST FAMILY DOLLAR LLC**

Ruth Grahm argues that Family Dollar LLC's breach of contract cross-claim fails as a matter of law because there is no evidence that Ruth Grahm failed to properly maintain the premises. As noted above, I have found that a fact issue exists as to whether there is a valid premises liability claim and, more specifically, whether a condition that posed an

4

unreasonably dangerous condition existed at the time of the accident. That determination disposes of Ruth Grahm's Motion for Summary Judgment against Family Dollar LLC. A jury must decide whether there was a defective condition on the property that triggered Ruth Grahm's contractual duty to repair that portion of the property.

## CONCLUSION

For the reasons discussed above, I find that there are genuine disputes of material fact. Accordingly, the motions for summary judgment are **DENIED**.

SIGNED at Galveston, Texas, this 12th day of November, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE